**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD JOHNSON,** | ) |
| | ) |
| Plaintiff, | ) **CIV. ACTION NO. 17-862** |
| | ) |
| vs. | ) |
| | ) |
| **RITE AID (DEREK FAIGHT),** *and* | ) |
| **PITTSBURGH POLICE (ZONE** | ) |
| **4)(WALTER CARLESON)** | ) |

Defendants.

## **OPINION**

### I.    **Introduction**

Pending before the court are two motions to dismiss the complaint filed by plaintiff Edward

Johnson ("Plaintiff"). The first motion was filed by defendant City of Pittsburgh (the "City")[1] on

behalf of defendant Officer Walter Carlson ("Officer Carlson") and itself and seeks dismissal of

all claims against the City and Officer Carlson based upon a failure to prosecute under Federal

Rule of Civil Procedure 41(b) and pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon

the complaint being barred by the applicable statute of limitations, barred as well as for failure to

state a claim, and qualified immunity. (Mot. to Dismiss., ECF No. 12.) The second motion was

filed by defendant Rite Aid (Derek Faight) and seeks dismissal for failure to prosecute under

Federal Rule of Civil Procedure 41(b) and for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 18.)

---

[1] The City asserts that it was improperly sued as "Pittsburgh Police (Zone 4)." (ECF No. 12 ¶ 10.)
The City is correct. Courts within the Third Circuit treat a municipality and its police department
"as a single entity for purposes of section 1983 liability." Bonenberger v. Plymouth Twp., 132
F.3d 20, 25 n.4 (3d Cir. 1997); see Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir.1997);
Neil v. Allegheny County, No. 12-cv-0348, 2012 WL 3779182, at *1 (W.D. Pa. Aug. 31, 2012).

For the reasons set forth in this opinion, both motions to dismiss will be granted and the complaint will be dismissed in part with prejudice and in other respects without prejudice.

## II.    **Factual and Procedural Background**

On June 26, 2017, Plaintiff, proceeding pro se, filed a complaint against the above-named defendants without a filing fee or a motion to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1.) On August 1, 2017, the court closed the case and ordered that the case may be reopened if Plaintiff pays the filing fee or files a motion to proceed IFP. (Order, ECF No. 2.) On September 11, 2017, Plaintiff filed such a motion, which the court granted, and the case was reopened on September 14, 2017. (ECF Nos. 3, 4, 5.) Plaintiff's complaint was redocketed. (Compl., ECF No. 7.)

### A.    **The Complaint**

Plaintiff brought his complaint pursuant to diversity of citizenship jurisdiction. (ECF No. 7, at 3.) Plaintiff alleges that he was wrongfully arrested for retail theft and child endangerment at a Rite Aid store and that his confiscated possessions, including important identification documents, were unlawfully destroyed. (Id. at 3, 7.) Specifically, Plaintiff pleads that on July 20, 2016, he entered the Rite Aid store around the same time as Ms. Morgano and her toddler daughter. (Id.)[2] Plaintiff was acquainted with Ms. Morgano, but his meeting with her was pure coincidence. (Id.) Plaintiff observed Ms. Morgano shoplifting and approached her to tell her that she was going to get caught. (Id.) At that moment, the store manager, identified in the exhibits attached to the complaint as Derek Faight, came over to escort Ms. Morgano elsewhere, leaving Plaintiff with the toddler. (Id.) The store manager told Plaintiff that he could leave the store, and Plaintiff took the toddler outside and waited with the toddler. (Id.) An unnamed undercover officer directed Plaintiff

---

[2] Plaintiff's factual allegations are in narrative form.

2

to go back into the store, at which time Plaintiff was informed that Ms. Morgano was arrested and that Plaintiff was believed to be participating in the shoplifting based upon the store security guard's cell phone picture of Plaintiff and Ms. Morgano speaking to one another inside the store. (Id.) Plaintiff was arrested on charges of retail theft and child endangerment (the "Rite Aid Arrest"), and he spent fourteen days in jail. (Id.)

Plaintiff alleges that the defendants committed deceptive acts with respect to these events. (Id.) First, Plaintiff alleges that the police warrant erroneously stated that Plaintiff left the Rite Aid premise, left the toddler in the middle of Forbes Avenue, and was later arrested "further down" on Forbes Avenue. (Id.) Second, Plaintiff alleges that the Rite Aid store's security "cut up" Plaintiff's identification card, social security card, credit card, and all other items in Plaintiff's wallet and threw them away. (Id.) Third, Plaintiff alleges that at his preliminary hearing in state court, the store manager, Derek Faight, testified, but "the [unnamed] officers had put him up to what he was saying." (Id. at 8.)

After the district attorney and police officers "stopped showing up for court on this matter," a new district attorney dropped the child endangerment charge, and Plaintiff pleaded guilty to a "summery [sic] disorderly conduct charge." (Id.) Plaintiff claims that he pleaded to the latter charge because he "was tired and just wanted to get this whole process over with," but his lawyer failed to inform Plaintiff about the court costs and fines associated with the charge. (Id.) Plaintiff has been prevented from obtaining housing and employment due to the child endangerment charge on his record, and he suffered "a great deal of anguish." (Id.) Finally, Plaintiff requests that the court appoint him an attorney to help him find relief. (Id.) The complaint does not state what claims the Plaintiff brings or reference any statute, constitution, or legal provision.

Plaintiff attaches to his complaint several documents: (1) a document entitled "Discovery Receipt" that appears to be a request for discovery in Plaintiff's criminal case arising from his Rite Aid Arrest, bearing a signature dated December 16, 2015 (ECF No. 7-1, at 1); (2) City of Pittsburgh Bureau of Police Investigative Report providing a narrative of the Rite Aid Arrest, showing a "hearing date" of August 3, 2015 (ECF No. 7-1, at 2); (3) Police Criminal Complaint filed in the Pittsburgh Municipal Court on July 20, 2015 (ECF No. 7-1, at 3–4); and (4) Affidavit of Probable Cause against Plaintiff for criminal conspiracy, endangering welfare of children, and retail theft committed on July 20, 2015. (ECF No. 7-1, at 5–6.) It is clear from the exhibits attached to the complaint that Plaintiff was arrested on July 20, 2015, not July 20, 2016, as Plaintiff pled within his complaint.[3]

## B. Procedural History

Once the court granted IFP status to Plaintiff and reopened the case, the court ordered Plaintiff to provide the United States Marshal's office with certain documents so that it could effectuate service on the defendants. (Sept. 14, 2017, Order, ECF No. 6.) More than four months later, on January 31, 2018, the court entered the following deficiency order:

> DEFICIENCY ORDER advising Plaintiff that he failed to provide the Court with service papers so that the Marshal's Office may effectuate service. There are two (2) named Defendants and Plaintiff must submit to the Court a copy of his Complaint for each named Defendant, a Marshal's 285 Form for each named Defendant and a Notice and Request for Waiver of Service of Summons and Waiver of Service of Summons for each named Defendant. Further, Plaintiff is advised that if he fails to provide the Court with the required service papers and instructions for service, on or before 2/26/2018, this action may be dismissed for his failure to prosecute. Marshal's 285 Forms and Notice and Request for Waiver of Service of Summons and Waiver of Service of Summons Forms mailed to Plaintiff EDWARD JOHNSON, 6431 Shetland St., Apt. 4 Pittsburgh, PA 15206 with a copy of this

---

[3] When an exhibit attached to a complaint contradicts allegations in the complaint, the exhibit controls. Vorchheimer v. Phila. Owners Assoc., No. 17-1738, slip op. at 20–21 (3d Cir. Sept. 5, 2018); Mickel Drilling Partners v. Cabot Oil & Gas Corp., No. 11-cv-0061, 2012 U.S. Dist. LEXIS 148515, at *24–25 (M.D. Pa. Oct. 16, 2012).

Order on 1/31/2018. Submission of Required Paperwork due by 2/26/2018. Signed by Chief Judge Joy Flowers Conti on 1/31/2018.

(ECF No. 8.) After no activity on the docket, the court ordered the Plaintiff to "show cause by March 23, 2018, why this case should not be dismissed for Plaintiff's failure to prosecute. IT IS FURTHER ORDERED that failure to file a response will be construed by the court as Plaintiff's consent to the dismissal of this action." (ECF No. 9.)

In a letter submitted to the court dated March 22, 2018, Plaintiff apologized for the delay in delivering paperwork to the U.S. Marshal's office and cited substantial health issues as the reason for such delay.[4] (ECF No. 21, at 1.) The letter referenced Plaintiff's documents that were allegedly destroyed by one or more of the defendants and included a copy of an order from the Court of Common Pleas of Allegheny County directing the Commonwealth of Pennsylvania to return Plaintiff's property listed in the referenced petition to him. (Id. at 2.) Plaintiff claimed that he was told that his property is lost.[5] (Id. at 1.) Plaintiff informed this court that his paperwork was submitted or will shortly be submitted. (Id.)

The City filed its motion to dismiss on June 1, 2018, on behalf of Officer Carlson and itself. (ECF No. 12.) Rite Aid filed its motion to dismiss on June 19, 2018, on behalf of Derek Faight and itself. (ECF No. 18.) Both motions were accompanied by respective briefs in support. (ECF Nos. 13, 19.) Plaintiff filed a response and brief in opposition to the City's motion, but he did not file any response to Rite Aid's motion. (ECF Nos. 16, 17.)

---

[4] Due to a clerical oversight, the court did not docket the letter until September 6, 2018. (ECF No. 21, at 1.)

[5] This assertion appears to contradict Plaintiff's allegation in his complaint that the Rite Aid store security guard destroyed his property. To the extent Plaintiff seeks relief in the form of enforcement of the Court of Common Pleas of Allegheny County's February 9, 2018 order directing return of property, his remedy is with that court.

## III.  Standard of Review

### A.  Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss a plaintiff's case for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Because dismissal with prejudice under Rule 41(b) is a drastic sanction, the court must "provide the plaintiff with an opportunity to explain [the] reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). In determining whether dismissal is warranted, the court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and not all factors need be fulfilled in order to dismiss the complaint. Briscoe, 538 F.3d at 263. When a district court has doubt, the decision of whether to dismiss "should be resolved in favor of reaching a decision on the merits," and the court should impose alternative sanctions. Roman v. City of Reading, 121 F. App'x 955, 958 (3d Cir. 2005) (quoting Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984)).

### B.  Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining upon whether the plaintiff will be likely to

6

prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id.) (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Constr. Corp., 809 F.3d 780, 876–77 (3d Cir. 2016). The court of appeals explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

7

Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017); Connelly, 809 F.3d at 789.

Pro se plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). A pro se plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir. 1997)). Even if a plaintiff is pro se, he or she must "set forth sufficient information to outline the elements of [his or her] claim." Kost, 1 F.3d at 183 (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). Thus, Plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there are plausible claims that the defendants violated plaintiff's rights. Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010) (A litigant, even one that is pro se, "is not absolved from complying with Twombly and the federal pleading requirements merely because s/he proceeds pro se."); Kost, 1 F.3d at 183.

## IV. Discussion

Before the court can address the arguments advanced by the defendants, a discussion about subject-matter jurisdiction is necessary.

### A. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As such, federal courts possess a continuing obligation to assess their subject-matter jurisdiction and can dismiss a suit sua sponte for lack of subject-matter jurisdiction at any stage in the proceeding. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The burden of establishing subject-matter jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the court's subject-matter jurisdiction is challenged based upon the sufficiency of the pleading's allegations, i.e., there is a "facial" attack on the pleading, the allegations in the complaint are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07[2.-1], at 12-51 to 52 (1993).

### i. Diversity of Citizenship

Although no party raised the issue of subject-matter jurisdiction, the court sua sponte raises the issue here, as Plaintiff relied exclusively upon diversity of citizenship under 28 U.S.C.

§ 1332(a) to provide the requisite jurisdictional basis for this lawsuit. (Compl., ECF No. 7, at 3.) See Tauro v. Baer, No. 08-cv-1545, 2009 U.S. Dist. LEXIS 106588, at *8 (W.D. Pa. Nov. 16, 2009). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy, exclusive of interests and costs, exceeds the value of $75,000 and is between citizens of different states.

Diversity of citizenship jurisdiction requires complete diversity as between the two sides in a dispute – that is, it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); see Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)) (alteration and emphasis in original)). In this case, complete diversity is lacking because Plaintiff and at least one of the defendants are citizens of the same state. Plaintiff alleges in his complaint that all parties are citizens of Pennsylvania. (ECF No. 7, at 3–4.) Plaintiff does not provide a basis for pleading that Rite Aid is a citizen of Pennsylvania, but such determination is irrelevant because its co-defendant, the City, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located therein. See City of Phila. v. Op. Dynamics Corp., 185 F. Supp. 2d 442, 443 n.1 (E.D. Pa. 2002).

Furthermore, Plaintiff makes no monetary demand in his complaint. "As the party invoking diversity jurisdiction, [Plaintiff] bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395 (3d Cir. 2016) (citing Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 506–07 (3d Cir. 2014)). This burden is "not especially onerous," as "[i]t must appear to a legal

certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). As Plaintiff made no money damage demand in his complaint and the court is unable to infer any specific value of such damages, Plaintiff failed to meet his light—but nonetheless real—burden to show that the amount in controversy exceeds $75,000. Since Plaintiff is pro se and entitled to some leeway in his pleadings, the court will evaluate whether it may take subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## ii. Federal Question

Plaintiff does not identify what claims he is bringing against the defendants. The defendants infer that Plaintiff's claims arise under 42 U.S.C. § 1983.[6] (City's Br. in Supp. of City's Mot. to Dismiss, ECF No. 13, at 3; Rite Aid's Br. in Supp. of Rite Aid's Mot. to Dismiss, ECF No. 19, at 7.) The court concludes that inference is reasonable in light of the factual allegations in the complaint surrounding Plaintiff's arrest and the defendants' pleaded conduct during Plaintiff's legal proceeding arising out of his arrest. (See Compl., ECF No. 7, at 8.) Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (In pro se cases, "[w]e are willing to apply the relevant legal principle even when the complaint has failed to name it.").

With the understanding that Plaintiff brings this suit against both of the defendants pursuant to 42 U.S.C. § 1983, the court has subject-matter jurisdiction. "Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Sedlak v. Sturm, No. 17-cv-532, 2018 U.S. Dist. LEXIS

---

[6] This federal statute provides a private right of action in federal court to:
[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.
42 U.S.C. § 1983.

6458, at *6 (W.D. Pa. Jan. 16, 2018). An action under 42 U.S.C. § 1983, which provides a private right of action for federal constitutional violations committed by a person acting under color of state law, arises under federal law. Therefore, the court has subject-matter jurisdiction over this case. The court now turns to the defendants' arguments for dismissal of Plaintiff's suit pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6).

### B.    Defendants' Motions to Dismiss

Despite Plaintiff's failure to enumerate any claims against any defendant, the City filed a motion to dismiss arguing that the court should dismiss with prejudice upon the basis that all Plaintiff's § 1983 claims are barred by either the statute of limitations, a failure to plead a <u>Monell</u> claim,[7] the law set forth in <u>Heck v. Humphrey</u>, or qualified immunity. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658 (1978). The City also argues that the court should dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rite Aid filed its motion to dismiss arguing for dismissal with prejudice upon the basis that the complaint fails to establish any cause of action against Rite Aid or Derek Faight because neither are alleged to be state actors.[8] Rite Aid also argues that the court should dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

---

[7] Although the City acknowledged that "Plaintiff filed a process receipt and return for defendants Derek Faight and defendant Officer Carlson only," the City did not argue for dismissal of the City pursuant to Federal Rule of Civil Procedure 12(b)(4) or (5) (insufficient process or service of process). (ECF No. 13, at 2.) Instead, the City challenges the sufficiency of the pleading upon the merits of the inferred claim against the City, one for municipal liability based upon the actions of Officer Carlson, pursuant to Rule 12(b)(6). (<u>Id.</u>)

[8] The complaint states that that "Defendant No. 1" is "Rite Aid (Derek Faight)." Rite Aid's motion to dismiss construes the complaint as one against Rite Aid *and* Derek Faight. (ECF No. 18 ¶ 2.) Similar to the City's motion, Rite Aid does not present any arguments related to insufficient process or service of process with respect to Rite Aid.

As explained below, the court will deny the motions to dismiss for failure to prosecute as moot. With respect to the motions to dismiss for failure to state a claim, in the absence of any pled cause of action or any reference to constitutional provisions or rights from which the court could reasonably infer a cause of action, the court would ordinarily dismiss the complaint without prejudice, granting Plaintiff leave to amend to correct such deficiencies.[9] Koreny v. Smith, No. 17-cv-371, 2018 U.S. Dist. LEXIS 34841, at *70 (W.D. Pa. Mar. 2, 2018) ("In civil rights matters, such as this case, the Third Circuit Court of Appeals applies the rule that ordinarily leave to amend the complaint must be afforded a plaintiff, even without the plaintiff's motion, before dismissing a plaintiff's complaint with prejudice." (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007)). However, the defendants seek dismissal with prejudice upon the basis that specific legal principles bar Plaintiff from stating a claim upon which relief could be granted. The defendants, in essence, argue that leave to amend is futile. Id. ("Allowing a party to amend is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." (quoting Buxton v. Hill, No. 15-cv-00646, 2016 WL 4269870, at *2)). The court will address the defendants' arguments in turn.

### C. Rule 41(b) Failure to Prosecute

All of the defendants argue this case should be dismissed for failure to prosecute upon the basis that Plaintiff continuously refused to follow this court's orders. In light of the docketing of Plaintiff's March 22, 2018, letter in response to the court's March 2, 2017, show cause order, the

---

[9] Pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain" both "a short and plain statement of the *claim*" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3) (emphasis added). Plaintiff's complaint lacks both of these requirements.

13

court concludes that the motions to dismiss the complaint pursuant to Rule 41(b) failure to prosecute are moot.[10]

### D. Rule 12(b)(6) Failure to State a Claim Pursuant to § 1983

As this court explained in Gagliardi v. Fisher:

> Section 1983 does not create substantive rights. Instead, it provides a remedy to redress violations of federal law grounded in distinct federal constitutional provisions or statutes. Collins v. City of Harker Heights, 503 U.S. 115, 119 (1992) ("Although the statute provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law[.]"). Consequently, plaintiff cannot recover under section 1983 without establishing an underlying violation of a federal constitutional or statutory provision. "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." County of Sacramento v. Lewis, 523 U.S. 833, 841–42 n.5 (1998).

513 F. Supp. 2d 457, 472 (W.D. Pa. 2007).

Plaintiff fails to identify an "underlying violation of a federal constitutional or statutory provision" because Plaintiff did not plead any claims or reference specific constitutional rights. This failure is sufficient to justify dismissal of the complaint without prejudice subject to the Plaintiff identifying specific claims or constitutional rights; however, since the defendants present

---

[10] Although courts typically conduct an analysis of the Poulis factors when considering dismissing a complaint for failure to prosecute, the court need not conduct that analysis at this time because, taking into account Plaintiff's compliance with the Show Cause Order, the procedural history does not demonstrate "a persistent refusal to cooperate so that [Plaintiff's] case could move forward," as the City and Officer Carlson assert. (ECF No. 13, at 5.) See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984). Plaintiff did not "refuse[ ] to fix a simple mistake in filing." (Id.) Plaintiff was alerted to his failure to follow filing requirements, and he remedied the deficiency. (ECF Nos. 2, 3.) Although Plaintiff failed timely to cure the deficiency noted in the court's January 31, 2018, Deficiency Order (ECF No. 8), he did timely comply with the court's order to show cause. (ECF Nos. 9, 21.) As the court concludes no sanction is necessary based upon these described events, a Poulis analysis is unnecessary. Poulis, 747 F.2d at 870 ("The [enumerated] factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited."). The defendants will not be prejudiced from reasserting their motions at a later time, if the docket supports such a motion.

arguments with respect to inferred § 1983 claims and affirmative defenses, the court will address them in turn.

## 1. Statute of Limitations

The United States Court of Appeals for the Third Circuit has recognized that a district court may consider whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of that defense may be discerned from the complaint itself, i.e., where the facts as pleaded demonstrate that the claim was not timely filed. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

Section 1983 "provides a federal cause of action for the violation of a federal right." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). State law, however, determines the length of the statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Id. (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). See also Wilson v. Garcia, 471 U.S. 261, 266–67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. § 5524.

In order to discern whether Plaintiff's § 1983 claims are barred by the two-year statute of limitations, the court must determine the date upon which Plaintiff's § 1983 claims accrued[11] and the date that Plaintiff is deemed to have filed his operative complaint.

"A cause of action under § 1983 'accrues when the plaintiff knew or should have known of the injury upon which [his] action is based.'" Cain v. City of Phila. Police Dep't, 447 F. App'x

---

[11] "The term 'accrue' in the context of a cause of action means to arrive, to commence, to come into existence, or to become a present enforceable demand or right." Accrue, Black's Law Dictionary (10th ed. 2014) (quoting 2 Ann Taylor Schwing, California Affirmative Defenses § 25:3, at 17–18 (2d ed. 1996)).

297, 298 (3d Cir. 2011) (quoting Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).[12] Thus, "[a] claim accrues upon awareness of an actual injury, not upon awareness that the injury constitutes a legal wrong." Phillips v. James, No. 13-cv-1196, 2014 U.S. Dist. LEXIS 56079, at *18 (W.D. Pa. Apr. 23, 2014).

Plaintiff does not identify what type of § 1983 claims he seeks to bring against each of the defendants. Plaintiff appears to assert at least a claim for wrongful or false arrest. Such a claim accrues on the date of the arrest. Kato, 549 U.S. at 390. The attachments to the complaint show that the events at the Rite Aid store and the resulting arrest occurred on July 20, 2015, but Plaintiff fails to plead dates for the other referenced events. Logically, however, those events could not have occurred prior to July 20, 2015. (Compl., ECF No. 7, at 7–8.) Thus, although the court is unable to discern the actual date of accrual for any § 1983 claim arising out of the factual allegations pleaded other than a false arrest claim, it is clear that the accrual date for a claim arising from any pled post-arrest event would be July 20, 2015, or later.

Plaintiff initially filed his complaint on June 26, 2017, but Plaintiff's failure to include a filing fee or motion to proceed IFP resulted in the case being closed until September 11, 2017, when Plaintiff filed his motion for leave to proceed IFP. (ECF Nos. 1, 2, 3, 5.) The complaint was refiled on September 15, 2017. (ECF No. 7.) The defendants argue that the "refiling" date, September 15, 2017, is the operative filing date, which would bar all claims that accrued prior to September 15, 2015. (ECF No. 13, at 4; ECF No. 19, at 5.) The defendants argue that Plaintiff's

---

[12] The Supreme Court explained accrual of § 1983 claims:

[T]the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law. . . . Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.

Kato, 549 U.S. at 388 (quotations and citations omitted).

16

filing date should not relate back to the original filing date of June 26, 2017, because Plaintiff "failed to take necessary steps to commence his action," including timely filing his motion to proceed IFP, providing documents to the U.S. Marshal's office to effectuate service, and following this court's orders. According to the docket, seventy-seven days elapsed from the filing of Plaintiff's initial complaint to the filing of his motion for leave to proceed IFP, and forty-two days elapsed from when this court alerted Plaintiff about the complaint's deficiency to when Plaintiff complied with the court's order to file a "properly completed application to proceed in forma pauperis." (ECF No. 2.) The court's order did not specify a deadline for Plaintiff to cure the filing deficiency. The City directs the court to two district court opinions in which cured complaints were not deemed to relate back to the initial filing deadline, but both of those opinions involved denials of IFP applications followed by delayed payment of the filing fees. See Cortina v. Bader, No. 09-cv-1988, 2010 WL 1253907, at *3 (D.N.J. Mar. 24, 2010) ("[T]he Court directed plaintiff to indicate whether he intended to reopen his case within thirty days of the Order" denying plaintiff's IFP application, but plaintiff failed to so timely indicate.); Breckin v. Mbna Am., 28 F. Supp. 2d 209, 210 (D. Del. 1998), aff'd, 205 F.3d 1328 (unpublished table disposition) (Plaintiff paid the filing fee 109 days after court denied IFP application.).

The defendants acknowledge McDowell v. Delaware State Police, 88 F.3d 188 (3d Cir. 1996), as contravening authority on this issue. In McDowell, the plaintiff submitted a pleading seeking relief pursuant to § 1983 without the required filing fee or application to proceed IFP. Id. at 189. The clerk of the district court informed the plaintiff that he must submit a filing fee or IFP application. Id. at 190. Fourteen months later, the plaintiff submitted an IFP application, and the court granted the plaintiff leave to proceed IFP. Id. The court dismissed the plaintiff's complaint as untimely upon the ground that the plaintiff's delay in requesting leave to proceed IFP rendered

the timely submitted complaint untimely, but the court of appeals reversed, holding that absent evidence of bad faith or prejudice to the defendants, "once the filing fee requirement is satisfied (either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers." Id. at 191.

McDowell is on point to the issue presented here. In McDowell, the plaintiff waited fourteen months before complying with the clerk's directive, and his application to proceed IFP was granted. Id. Here, Plaintiff waited less than two months before filing his motion to proceed IFP, which this court granted. The defendants do not attempt to distinguish McDowell. (See ECF Nos. 2, 3.) The opinions cited by the defendants distinguished McDowell upon factual differences that do not exist in this case. In Cortina, the court set a deadline for the plaintiff to comply with the filing requirements, but the plaintiff did not comply and instead filed a new suit under a different docket number. 2010 WL 1253907, at *3. Here, the court did not impose a deadline for Plaintiff to comply with the filing requirements, and Plaintiff did not refile his complaint on a new docket. The district court in Breckin distinguished the holding in McDowell upon the basis that McDowell was a § 1983 case with a statute of limitations based on common law and McDowell's IFP petition was granted. Breckin, 28 F. Supp. 2d at 211. Breckin, on the other hand, was an Americans with Disability Act case with a statute of limitations set by Congress through federal legislation. Id. Finally, the Breckin court denied the plaintiff's IFP application. Id. Here, Plaintiff alleges a § 1983 claim and the court granted his IFP petition. This case falls squarely within McDowell.

Despite argument by the defendants that Plaintiff's late responses with respect to other court directives justify the latter filing date, Plaintiff's conduct in this case is not so extreme to

18

warrant imposition of a sanction that is equivalent to dismissal. The court concludes that Plaintiff is deemed to have filed his complaint on June 26, 2017. As the events pleaded in the complaint all occurred on July 20, 2015, or later, the defendants' statute of limitations defense fails.

### 2. Failure to State a *Monell* Violation against the City

Plaintiff named "Pittsburgh Police (Zone 4) (Water Carlson)" as a defendant. (Compl., ECF No. 7, at 2.) To the extent Plaintiff is suing both the City and Officer Carlson, the City argues that it cannot be held liable for the actions of its police officers if the Plaintiff fails to establish an underlying violation of his constitutional rights or if Plaintiff fails to establish a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." (Br. in Supp., ECF No. 13, at 6–7.)

A municipality, such as the City, may be sued under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690. "A plaintiff must establish that the municipality itself caused the constitutional violation at issue." Brock v. Allegheny Cty. Dist. Attorney Office, No. 12-cv-0914, 2013 WL 3989452, at *4 (W.D. Pa. Aug. 2, 2013) (citing Monell, 436 U.S. at 691–92). A plaintiff can establish this violation by showing that the municipality's "policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one [of] its employees.'" Blakeslee v. Clinton Co., 336 F. App'x 248, 251 (3d Cir.2009) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991)).

As the court noted above, Plaintiff failed to assert any underlying violation of his constitutional rights in his complaint. Even if the court inferred which specific constitutional provisions formed the basis of the complaint, the complaint failed to allege the existence of any

policy, custom or practice, which is required in order to state a claim against the City. Orama v. New Jersey, 196 F. App'x 118, 119–20 (3d Cir.2006) ("To state a claim against a county or its agency under § 1983, the plaintiff must allege a policy or custom promulgated by that body's officers that directed or caused a constitutional deprivation.") (citation omitted); Boatner v. Hinds, 137 F. App'x 499, 502 (3d Cir.2005) ("A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. Because in neither case does Boatner allege any policy or custom that caused the alleged violation, he fails to state a claim.") (citations omitted). Plaintiff's pro se status cannot excuse the failure to plead factual allegations related to nearly all the elements of his inferred Monell claim. Hence, the complaint fails to state a claim against the City.[13]

### 3. Failure to State a Claim Against Officer Carlson

Plaintiff never mentions Officer Carlson in his complaint. (ECF No. 7, at 7–8.) Plaintiff makes ambiguous references to "an undercover officer," "the officer," and "zone 4 officers."[14] (Id.) Plaintiff alleges that the reports generated from the Rite Aid arrest contained false information, and the reports attached to the complaint show that the reporting officer was Officer Carlson. (Id.; ECF No. 7-1, at 2–6.) Therefore, the court reasonably infers that Plaintiff is making a claim against Officer Carlson for false arrest upon the basis that Officer Carlson included false information in the Investigative Report. (ECF No. 7-1, at 2.)

In order to state a claim for false arrest, Plaintiff must show that he was arrested without probable cause. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "An officer has

---

[13] The court agrees with the City that Plaintiff failed to allege any facts suggesting that he is bringing a claim against the City for failure to train. As such, the court will not address such claim.

[14] To be clear, Plaintiff did not sue any Pennsylvania district attorney or his defense counsel in his state criminal case.

probable cause to arrest when 'the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" Torres v. Borough of Barrington, No. 16-cv-06134, 2017 WL 3189448, at *3 (D.N.J. July 27, 2017) (quoting Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000)).

Plaintiff stated in his complaint that he eventually pleaded guilty to "a summery [sic] disorderly conduct charge," and the child endangerment charge was dropped. (ECF No. 7.) The City argues that Heck v. Humphrey precludes Plaintiff from asserting any claims related to his arrest. Heck, 512 U.S. 477.

> Heck holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. See Heck, 512 U.S. at 486–87; see also Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Thus, Heck bars only claims which "seek[ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful." Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998). We have held that Heck requires District Courts to determine whether each claim—if successful—would imply the invalidity of the conviction or sentence. Gibson v. Superintendent, 411 F.3d 427, 447–49 (3d Cir. 2005) (holding that a determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry).

Strunk v. E. Coventry Twp. Police Dep't, 674 F. App'x 221, 222–24 (3d Cir. 2016).

The City argues that because Plaintiff pleaded guilty to summary disorderly conduct (a conviction undisturbed), Plaintiff is barred from challenging his Rite Aid Arrest, because that action would imply the invalidity of Plaintiff's conviction for summary disorderly conduct. The court agrees. Even though some charges were dropped, and Plaintiff only pleaded guilty to a "very minor offense," and if Plaintiff were allowed to proceed upon a false arrest claim, which challenges the probable cause for the Rite Aid Arrest, that claim would imply the invalidity of Plaintiff's own admission of guilt and his conviction. Menke v. Baker, No. 10-cv-2585, 2012 WL 2339825, at *8

21

(D.N.J. June 19, 2012) (citing Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001)); see Walker v. Clearfield Cty. Dist. Attorney, 413 F. App'x 481, 483 (3d Cir. 2011) ("Borrowing from the closely analogous malicious prosecution context, we conclude that a guilty plea—even one for a lesser offense—does not permit a later assertion of no probable cause."). Plaintiff's own reasons for deciding to plead guilty are irrelevant.[15]

Taking the complaint and its attachments together, the only pleaded allegations relating to Officer Carlson are his actions as the arresting and reporting officer. With the claim for false arrest dismissed pursuant to Heck, Officer Carlson will be terminated as a defendant in this case.[16] Dismissals based upon Heck are without prejudice, subject only to the underlying criminal proceeding later resulting in a favorable termination. Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

Finally, the City argues that because Plaintiff failed to allege any underlying constitutional violation, Officer Carlson maintains his qualified immunity from suit. "Qualified immunity protects government officials from insubstantial claims in order to 'shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" Cresci v. Aquino, No. 13-cv-4695, 2017 U.S. Dist. LEXIS 178464, at *12 (D.N.J. Oct. 26, 2017) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). "The first step requires analyzing the complaint under a Rule 12(b)(6) standard. If no claim is stated, the analysis need go no further." Id. Because

---

[15] Heck bars a plaintiff from challenging the validity of a guilty plea in this court so long as the resulting conviction stands. See Ianuale v. Keyport Twp., No. 15-cv-8256, 2016 U.S. Dist. LEXIS 141703, at *27 n.12 (D.N.J. Oct. 13, 2016); see also Holly v. Boudreau, 103 F. App'x 36, 38 (7th Cir. 2004) (Heck bars a claim that a falsified police report coerced a guilty plea.).

[16] Even if Plaintiff intended to assert a § 1983 claim for false imprisonment, that claim also includes the absence-of-probable-cause element. Berry v. Kabacinski, 704 F. App'x 71, 73 (3d Cir. 2017). Thus, a claim for false imprisonment following the Rite Aid Arrest fails for the same reason that the false arrest claim fails.

22

the court concluded that Plaintiff's complaint fails to state any plausible § 1983 claims against Officer Carlson, the court need not conduct a qualified immunity analysis.

### 4. Failure to State a Claim against Rite Aid and Derek Faight

In addition to joining the City in arguing that Plaintiff's complaint should be dismissed pursuant to Rule 41(b) and the two-year statute of limitations for § 1983 claims, both issues the court disposed of above, Rite Aid, on behalf of its store manager, Derek Faight, and itself, argues that all § 1983 claims should be dismissed as to them because neither is a state actor. (ECF No. 19, at 7.) The court agrees that Plaintiff failed to plead that either Rite Aid or Derek Faight acted under color of state law to deprive Plaintiff from a right secured by the Constitution. 42 U.S.C. § 1983; Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005); Williams v. Ferdarko, No. 17-cv-313, 2018 U.S. Dist. LEXIS 129983, at *8 (W.D. Pa. Aug. 1, 2018) ("To establish a § 1983 claim, a plaintiff must prove that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States.").

"In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights." Payha v. Excela Health, No. 18-cv-358, 2018 U.S. Dist. LEXIS 126659, at *6 (W.D. Pa. July 30, 2018) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995)). As the court of appeals explained in Groman:

> [A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law. As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. West v. Atkins, 487 U.S. 42, 48 (1988). The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law. Versarge v. Twp of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir.1993).

47 F.3d at 638. The inquiry into whether a private individual or entity's activity can be deemed to be activity under color of law is fact specific and analyzes whether "the defendant in a § 1983

23

action [has] exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). As the Supreme Court noted, "we ask whether the State provided a mantle of authority that enhanced the power of the harm-causing individual actor." NCAA v. Tarkanian, 488 U.S. 179, 192 (1988).

There are "three broad tests generated by Supreme Court jurisprudence to determine whether state action exists[.]" Borrell v. Bloomsburg Univ., 870 F.3d 154, 160 (3d Cir. 2017) (quoting Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009)).

> Those tests are: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

Id. (quoting Kach, 589 F.3d at 646).

The court need not delve into any of these tests, at this juncture, because there are no allegations in Plaintiff's complaint from which the court could infer that Rite Aid's or Derek Faight's "challenge[d] action . . . may be treated as that of the State itself." Id. (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)). Therefore, the court will dismiss all § 1983 claims against Rite Aid or Derek Faight without prejudice.

To the extent that Plaintiff's claims against Derek Faight arise out of Faight's testimony during Plaintiff's state criminal proceedings, those claims are barred by the doctrine of absolute witness immunity. Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Williams v. Hepting, 844 F.2d 138, 141 (3d Cir. 1988) (the doctrine of absolute witness immunity applies to testimony given at pretrial hearings); Buxton v. Dougherty, No. 15-cv-1653, 2018 U.S. Dist. LEXIS 122292, at *16

(W.D. Pa. July 23, 2018). Any claims against Derek Faight (or Rite Aid in its capacity as Faight's employer) arising out of witness testimony will be dismissed with prejudice.

Plaintiff asserts that "store security" cut up his identification card, social security card, and other belongings. (ECF No. 7, at 7.) To the extent that Plaintiff seeks to raise a claim for conversion or other property-related tort, that claim would arise under Pennsylvania state law, and this court is not required to exercise subject-matter jurisdiction absent the existence of a cognizable federal claim. Since this court concludes that Plaintiff's complaint fails to state a § 1983 claim against any named defendant, "this court does not have an independent basis upon which to exercise jurisdiction over Plaintiff's state law claims against them. 28 U.S.C. § 1367(c)." Buxton, 2018 U.S. Dist. LEXIS 122292, at *21. Even if this court chose to exercise supplemental jurisdiction over Plaintiff's property-related claims arising under Pennsylvania state law, these claims would still be subject to dismissal because Plaintiff failed to name "store security" as a defendant or plead how Rite Aid or Derek Faight are liable for the actions of "store security."

## V. Plaintiff's Request for Appointment of Counsel and Other Requests

Plaintiff asks this court to appoint him counsel. (ECF No. 7, at 8.) "A district court's authority to appoint counsel to represent an indigent litigant in a civil case derives from 28 U.S.C. § 1915(d) . . . ." Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Pursuant to § 1915(d), the court has "broad discretion" to appoint counsel, and a litigant has no statutory right to appointed counsel. Id. However, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." Id. (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)). For the reasons stated above, Plaintiff's complaint, at this juncture, has no merit in law. The court extensively detailed the deficiencies within the complaint in this opinion, and Plaintiff will be granted leave to amend to cure such deficiencies. Should the Plaintiff

25

so timely amend, he may renew his request for appointment of counsel, at which time the court will revisit the matter.

In Plaintiff's Brief in Support of Plaintiff's Motion to Proceed, ECF No. 17, Plaintiff asked the court for an extension of time, but he did not clarify why he wanted an extension. Plaintiff's unclear request will be denied. Plaintiff seeks "reconsideration in this motion as it applies to responses for service time as well as deadlines." (ECF No. 17 ¶ 3.) Because none of the defendants asserted a defense related to insufficient process or insufficient service of process, Plaintiff's request will be denied as moot. Next, Plaintiff "asks for a hearing to determine a summary judgment." (Id. at ¶ 3(a).) This case has not proceeded to summary judgment, so no hearing is appropriate. To the extent that Plaintiff seeks oral argument upon the pending motions to dismiss, that request is denied.

Finally, Plaintiff included factual allegations in his brief related to a DUI, probation, and individuals other than the named defendants. (Id. at ¶ 5.) On a motion to dismiss, the court does not consider after-the-fact factual allegations because the focus of a motion to dismiss is upon the sufficiency of the complaint. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). Plaintiff must plead all the factual allegations that support identifiable claims within the complaint itself.

## VI.    Conclusion

The complaint fails to plead a plausible claim against any named defendant. The motions to dismiss, ECF Nos. 12, 18, will be granted to the extent that Plaintiff's complaint, ECF No. 7, will be dismissed. Any claims against Derek Faight (or Rite Aid in its capacity as Faight's employer) arising out of witness testimony will be dismissed with prejudice. All remaining claims will be dismissed without prejudice. An appropriate order will be entered.

BY THE COURT,

Dated: October 3, 2018

JOY FLOWERS CONTI
Chief United States District Judge